JOSEPH P. RUSSONIELLO, CA NO. 44332
United States Attorney
JOANN M. SWANSON, CA NO. 88143
Chief, Civil Division
EDWIN L. JOE, CA NO. 112328
Special Assistant U.S. Attorney

455 Market Street, 6th Floor
San Francisco, California  94105-2420
Telephone:    (415) 744-8494
Facsimile:    (202) 481-1810 or (415) 744-6812
Email:        edwin.joe@sba.gov

Attorneys for Federal Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROCKET VENTURES II SBIC, L.P.,<br><br>　　　　　Defendant. | Civil Case No.<br><br>COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF      1

**PARTIES, JURISDICTION, AND VENUE**

1. This is a civil action bought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316 of the Small Business Investment Act, as amended; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Rocket Ventures II SBIC, L.P. (hereinafter "Rocket Ventures," "Licensee," or "Defendant"), is a limited partnership formed under the laws of the State of Delaware on or about December 15, 2000 that maintains its principal place of business at 2200 Sand Hill Road, Suite 240, Menlo Park, California 94025.  The sole purpose of Defendant's partnership is to operate as a small business investment company under the Small Business Investment Act of 1958.  Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

**COMMON ALLEGATIONS**

4. The purpose of the Small Business Investment Act of 1958, as amended, (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth.  15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     2

(hereinafter "SBIC"). 15 U.S.C. § 687(c). SBA duly promulgated such regulations, which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

6. An SBIC is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). Pursuant to the Act, SBA is authorized to license SBICs (Id. at § 681(c)), which, although they are non-depository institutions, are financial institutions that are similar to banks, savings and loans institutions and credit unions because they provide funding directly to the public. SBICs provide venture capital to qualified small independent businesses by supplementing the flow of private equity capital, long-term funds (debt securities) and loans.

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b). Such SBA financing (defined as "Leverage" under the Regulations) is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507.

8. In consideration for being licensed to operate as an SBIC and/or receive federal tax dollar leverage, SBICs agree to comply with the requirements of the Act and the Regulations. Each Participating Securities instrument issued by an SBIC specifically incorporates the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment, is a violation of the terms of the Participating Securities and is a separate violation of the Act and Regulations.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     3

9. SBA is charged with overseeing and regulating the SBIC program. If SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c. Moreover, if an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. One of the regulatory conditions that an SBIC is subject to is "Capital Impairment" as that term is defined under the Regulations. Together, 13 C.F.R. 107.1830 and 107.1850 set forth the maximum amount of Capital Impairment that an SBIC licensee may have during the forbearance period and thereafter, as applicable. A licensee that has a condition of Capital Impairment is not in compliance with the terms of its Leverage. 13 C.F.R. § 107.1830(b).

11. Another regulatory condition affecting licensees such as Defendant is that upon the occurrence of "Restricted Operations" as that term is defined under the Regulations, the licensee consents to SBA's right to require that all of the SBIC's private capital commitments be funded in accordance with the company's Articles. 13 C.F.R. § 107.1820(f). The licensee's failure to act as requested by SBA results in the licensee's consent to the appointment of SBA as Receiver for the purpose of continuing the SBIC's operations. 13 C.F.R. §§ 107.1820(d)(1) and (3).

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**    4

12. SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about June 6, 2001, under SBA License No. 0979-0435, solely to do business under the provision of the Act and the regulations promulgated thereunder.

13. Defendant's general partner is Rocket Ventures SBIC Partners, L.L.C., a limited liability company formed under the laws of the State of Delaware.

14. Defendant's management company is Rocket Management II, LLC, a limited liability company formed under the laws of the State of California.

15. Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16. Defendant applied for and received funding from the SBA through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $31,225,000. To date, a total principal balance of $27,725,000 remains outstanding as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
| --- | --- | --- | --- |
| 02042452-02 | 1,775,000 | 07-25-2001 | 6.344 |
| 02042453-00 | 3,325,000 | 10-01-2001 | 6.030 |
| 02042454-09 | 1,000,000 | 01-09-2002 | 6.030 |
| 02042455-07 | 1,000,000 | 01-09-2002 | 6.030 |
| 02042456-05 | 1,000,000 | 01-31-2002 | 6.030 |
| 02042457-03 | 1,000,000 | 01-31-2002 | 6.030 |
| 02042458-01 | 1,000,000 | 01-31-2002 | 6.030 |
| 02042459-10 | 1,060,000 | 06-28-2002 | 5.199 |
| 02042460-02 | 1,060,000 | 08-07-2002 | 5.199 |
| 02042461-00 | 1,060,000 | 08-07-2002 | 5.199 |
| 02042462-09 | 1,060,000 | 08-07-2002 | 5.199 |
| 02042463-07 | 1,060,000 | 08-07-2002 | 5.199 |
| 02042464-05 | 1,005,000 | 04-01-2003 | 5.136 |

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     5

| | | | |
|---|---|---|---|
| 02042465-03 | 800,000 | 06-12-2003 | 5.136 |
| 02042466-01 & | | | |
| 02043651-05 | 805,000 | 07-01-2003 | 5.136 |
| 02043652-03 | 805,000 | 07-11-2003 | 5.136 |
| 02043653-01 | 805,000 | 07-11-2003 | 5.136 |
| 02043654-10 | 700,000 | 02-13-2004 | 4.754 |
| 02043655-08 | 700,000 | 02-13-2004 | 4.754 |
| 02043656-06 | 700,000 | 03-08-2004 | 4.754 |
| 02043657-04 | 700,000 | 03-12-2004 | 4.754 |
| 02043658-02 | 700,000 | 03-12-2004 | 4.754 |
| 02043659-00 | 555,000 | 04-30-2004 | 4.754 |
| 02043660-03 | 550,000 | 04-30-2004 | 4.754 |
| 02043661-01 | 555,000 | 06-01-2004 | 4.754 |
| 02043662-10 | 555,000 | 06-01-2004 | 4.754 |
| 02043663-08 | 555,000 | 06-01-2004 | 4.754 |
| 02043664-06 | 140,000 | 11-12-2004 | 4.638 |
| 02043665-04 | 145,000 | 12-02-2004 | 4.638 |
| 02043666-02 | 140,000 | 12-09-2004 | 4.638 |
| 02043667-00 | 140,000 | 12-09-2004 | 4.638 |
| 02043668-09 | 140,000 | 12-09-2004 | 4.638 |
| 02043669-07 | 425,000 | 02-02-2005 | 4.638 |
| 02043670-10 | 100,000 | 02-04-2005 | 4.638 |
| 02043671-08 | 100,000 | 02-04-2005 | 4.638 |
| 02043672-06 | 75,000 | 02-04-2005 | 4.638 |
| 02043673-04 | <u>430,000</u> | 02-04-2005 | 4.638 |
| | $27,725,000 | | |

17.  Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**          6

18.     Based on Defendant's financial reports (SBA Form 468) for the quarter ending September 30, 2004, the SBA determined that Defendant had a condition of Capital Impairment in excess of the regulatory limit applicable to it, and by letter dated March 22, 2005, SBA directed the company to cure the impairment within 15 days of the date on the letter.

19.     From the information in the Form 468, Rocket's Capital Impairment was determined to be above 90%, when, because Defendant was still in a forbearance period, the maximum Capital Impairment it was permitted to have was 85%.

20.     SBA's March 22, 2005 letter informed Defendant that failure to cure the impairment would result in the company being placed in Restricted Operations.  The letter stated that if Defendant was placed in Restricted Operations, the SBA had the right to require the SBIC to call all unfunded private capital.  The letter further reminded Defendant that its maximum impairment level would decrease to 60% once its forbearance period ended in July 2006. Subsequently, by letter dated January 4, 2006, the SBA informed Defendant that it considered the matter resolved as Defendant had corrected the condition of Capital Impairment as of March 31, 2005.

21.     By the following year, Defendant was once again in a condition of Capital Impairment.  Based on Defendant's financial statements (SBA Form 468) for the period ending December 31, 2005, SBA determined that Defendant had a condition of Capital Impairment of 94.65%, which was in excess of the applicable regulatory limit.

22.     By letter dated April 13, 2006, SBA directed Defendant to cure its impairment within fifteen days, otherwise Rocket would be placed in Restricted Operations pursuant to 13 C.F.R. § 107.1820(f).  The letter advised Defendant that it needed to increase its Regulatory Capital (which means private capital under the Regulations) by no less than $2,626,817 in order

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**          7

to reduce its Capital Impairment below the regulatory limit. The letter also advised Defendant of the ramifications of being placed in Restricted Operations, including SBA's right (and Defendant's consent to that right) to require that all remaining private capital commitments be funded.

23.     Defendant failed to cure its condition of Capital Impairment within the permitted time and, consequently, by letter dated May 4, 2006, SBA informed Defendant that it had been transferred to liquidation status effective April 28, 2006.

24.     Since at least December 2005, Defendant has been in a condition of Capital Impairment, which increased substantially over the next couple of years.  When Defendant's forbearance period ended in July 2006, its Capital Impairment was not permitted to exceed 60%. Defendant's financial statements for the periods ending March 31, 2007, June 30, 2007 and September 2007 indicate impairment levels of 100.27%, 104.18%, and 116.75%, respectively. These levels are substantially in excess of the regulatory limits.

25.     To date, Defendant has failed to cure its condition of Capital Impairment.

26.     Pursuant to 13 C.F.R. § 107.1820(f), when Defendant was placed in Restricted Operations SBA was vested with the right (and Defendant consented to SBA's exercise of such right) to require that all of Defendant's private capital commitments be funded in accordance with the company's Articles.

27.      On or about May 4, 2006, SBA instructed Defendant to call all unfunded capital commitments, and informed the company by letter dated May 17, 2006 that SBA would not agree to the deferral, termination, reduction, release or amendment of any of the unfunded commitments.

28.     By letter dated May 25, 2006, Defendant made it clear that it was not going to comply with SBA's instruction regarding the unfunded commitments.  Defendant's letter stated, "[f]inally, with capital already on hand to support the ongoing needs of our portfolio, there is no

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     8

need for the fund to call the remaining Private Capital or to seek to draw down further commitments from the SBA."

29. To date, Rocket has not called any of the unfunded private capital commitments. Therefore, pursuant to 13 C.F.R. §§ 107.1820(d)(1) and (3), Rocket has consented to the appointment of SBA as Receiver for the purpose of continuing Rocket's operations.

## COUNT ONE

## CAPITAL IMPAIRMENT

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. Defendant has failed to cure its condition of Capital Impairment, and the principal balance of $31,225,000 of Participating Securities purchased by the SBA remains outstanding.

32. Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

33. Defendant's failure to cure its condition of Capital Impairment is nonperformance of the requirements of the Participating Securities as well as Defendant's Application for SBIC License and a violation of § 107.507(a) of the Regulations.

34. SBA has determined that Defendant is not in compliance with the terms of its Leverage due to its uncured condition Capital Impairment and, therefore, the Licensee is in violation of §§ 107.1830(b) and 507(a) of the Regulations.

35. As a consequence of Defendant's violation of §§ 107.1830(b) and 507(a) of the Regulations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

//

//

//

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     9

## COUNT TWO

**FAILURE TO REQUIRE FUNDING OF PRIVATE CAPITAL COMMITMENTS**

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Upon Defendant's placement in Restricted Operations, the SBA had a right, pursuant to 13 C.F.R. § 107.1820(f), and did exercise that right to require that all private capital commitments be funded in accordance with Defendant's Articles.

38. To date, Defendant has failed to require that all private capital commitments be funded.

39. Pursuant to 13 C.F.R. § 107.1820(d)(1) and (3), Defendant's failure to act as requested7by SBA resulted in Defendant's consent to the appointment of SBA as Receiver for the purpose of continuing Defendant's operations.

40. As a consequence of Defendant's consent to the appointment of SBA as Receiver for Defendant's operations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as liquidating Receiver for Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**   10

1  B. That this Court determine and adjudicate Defendant's non-compliance with and
2  violation of the Act and the Regulations promulgated thereunder.
3  C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of
4  Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for
5  the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of
6  creditors as determined by the Court, and such other relief as contained in the Order filed
7  simultaneously herewith.
8  
9  D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:  April,  30,   2008            By __/s/ Edwin L. Joe_____
EDWIN L. JOE
Special Assistant
United States Attorney

Of Counsel:

BEVERLEY HAZLEWOOD LEWIS
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Email: Beverley.hazlewood@sba.gov
Phone: (202) 619-1605
Fax:    (202) 481-0468

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**    11